STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

05-68

SHEILA GUIMARAES

VERSUS

MOHAMMED MOHAMMED

**********
APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF RAPIDES, NO. 03-05584
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Glenn B. Gremillion, Billy H. Ezell, and James T. Genovese, Judges.

EXCEPTION DENIED;
AFFIRMED.

Susan Ford Fiser
P.O. Box 12424
Alexandria, LA 71315-2424
(318) 442-8899
Counsel for Plaintiff/Appellee
     Sheila Guimaraes

Thomas Overton Wells
P. O. Box 13438
Alexandria, LA 71315
(318) 445-4500
Counsel for Defendant/Appellant
     Mohammed Mohammed

PER CURIAM.

The defendant, Mohammed Mohammed, has filed a peremptory exception of nonjoinder of party, as well as an appeal in this workers' compensation matter. The plaintiff, Sheilah Guimaraes, filed a disputed claim against Mohammed, seeking compensation benefits and medical expenses. Mohammed argues that he was not Guimaraes' employer, rather, she was employed by SM&H Enterprises, Inc., which he claims was owned and operated by him, Nassar, and an unidentified woman.

In his peremptory exception, Mohammed argues that the evidence established that he, Nassar, and the unidentified woman operated SM&H Enterprises as a partnership. The entity was incorporated until its charter was revoked by the Secretary of State on November 15, 2001. Thus, Mohammed claims that Guimaraes should have filed her claim against SM&H Enterprises rather than against him. The workers' compensation judge chose to disregard this evidence as it was based solely on Mohammed's self-serving testimony. As we find the record devoid of any evidence substantiating his claim of a partnership, we deny his peremptory exception of nonjoinder.

In his appeal, Mohammed's claim again centers around Guimaraes' failure to name SM&H Enterprises and his two partners as defendants in her disputed claim for compensation. For the reasons cited above, we find no error in the workers' compensation judge's finding that Guimaraes was employed by Mohammed at the time of her work-related injury. The costs of this appeal are assessed to the defendant-appellant, Mohammed Mohammed.

**EXCEPTION DENIED; AFFIRMED.**